Opinion filed March 23, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 23, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00094-CV 

                                                     __________

 

                              IN
THE INTEREST OF J.L.R., A CHILD

                                                              

                                                              



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                Trial
Court Cause No. 02-12-711

 



 

                                             M
E M O R A N D U M  O P I N I O N 

Donald Wayne Barron Jr. appeals the trial court=s order terminating his parental rights
to his daughter, J.L.R.  We affirm.








Barron argues in four issues on appeal that the
evidence is legally and factually insufficient to support the trial court=s order of termination.  We review these propositions under a
heightened standard.  In our review of a
legal insufficiency claim, we will examine all of the evidence in the light
most favorable to the finding and determine whether a reasonable trier of fact
could have formed a firm belief or conviction that its finding was true.   In re J.F.C., 96 S.W.3d 256, 266
(Tex. 2002); Phillips v. Texas Dep=t
of Protective and Regulatory Servs., 149 S.W.3d 814 (Tex. App.CEastland 2004, no pet.).  We must assume that the fact-finder resolved
disputed facts in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266.  In a
factual sufficiency review, we will give due consideration to evidence that the
fact-finder could reasonably have found to be clear and convincing.   In re C.H., 89 S.W.3d 17, 25 (Tex.
2002); Phillips, 149 S.W.3d at 817. 
We determine whether the evidence is such that a fact-finder could
reasonably form a firm belief or conviction about the truth of the State=s allegations.  In re C.H., 89 S.W.3d at 25.   We also consider whether any disputed
evidence is such that a reasonable fact-finder could not have resolved that
disputed evidence in favor of its finding. 
In re J.F.C., 96 S.W.3d at 266.

The trial court found by clear and convincing
evidence that Barron had:

b.  voluntarily, and with knowledge of the
pregnancy, abandoned the child=s
mother beginning at a time during her pregnancy with the child and continuing
through the birth, failed to provide adequate support or medical care for the
mother during the period of abandonment before the birth of the child, and
remained apart from the child or failed to support the child since birth.[1]

 

c.  knowingly engaged in criminal conduct that
has resulted in his conviction of an offense and confinement or imprisonment
and inability to care for the child for not less than two years from the date
of this petition is filed.[2]


 

The trial court further found that termination of Barron=s parental rights was in the best
interest of the child.[3]

J.L.R. was born July 8, 1999; and she has lived
with Rebecca Rinehart, her maternal grandmother, most of her life.  On March 13, 2003, Rinehart and her daughter,
Erin Michelle Cook,  were named joint
managing conservators of J.L.R. with Cook having the right to establish the
primary residence of J.L.R.  On October
27, 2003, the trial court modified its previous order and stated that Rinehart
had the right to establish the primary residence of J.L.R. 

Rinehart testified that Cook lived with her when
J.L.R. was born and that Rinehart=s
insurance paid for the medical costs. 
Rinehart stated that Barron had no contact with J.L.R. while  in Rinehart=s
care and that she was not aware of J.L.R. having contact with Barron while
J.L.R. was in the care of Cook.  Rinehart
further testified that Barron has never given her any monetary support for
J.L.R. 








Barron testified at the hearing that Cook lived
with his family for a time while she was pregnant with J.L.R. but that he did
not support her while she was pregnant. 
Barron stated that he has not provided Rinehart any monetary support for
J.L.R. although he knew Rinehart was raising J.L.R.  Baron said that he has given Cook Aa bunch@
of support.  The record shows that Barron
has had little contact with J.L.R. since her birth.  The record shows that Barron=s family has had some contact with
J.L.R. and has provided J.L.R. with some food and clothing.  Barron=s
family has not had any contact with J.L.R. since July 2003.  We find that the evidence is legally and
factually sufficient to support the trial court=s
finding that Barron abandoned Cook while she was pregnant with J.L.R. and
failed to provide adequate support or medical care for Cook during her
pregnancy and for J.L.R. since her birth.

Barron testified that he was convicted of the
offense of indecency with a child and has been incarcerated since November 17,
2004.  Barron=s
sentence expiration date is November 17, 2008; however, Barron testified that
he could be released on May 19, 2006, if he receives credit for Agood time.@  The petition to terminate Barron=s parental rights was filed on August
6, 2004.  Section 161.001(1)(Q) is to be
read prospectively rather than retrospectively. 
In re A.V., 113 S.W.3d 355, 360 (Tex. 2003).  Therefore, to meet the requirement of Section
161.001(1)(Q), Barron must be confined until August 6, 2006.  Barron is sentenced to confinement until
November 17, 2008; therefore, the trial court did not err in finding that the
evidence supported termination.  In re
A.V., 113 S.W.3d at 360.   The
evidence is both legally and factually sufficient to support the trial court=s finding.








Courts may use the non‑exhaustive list of
the factors set out in  Holley v.
Adams, 544 S.W.2d 367, 371‑72 (Tex. 1976), to determine the best
interest of the child.  These factors
include but are not limited to (1) the desires of the child, (2) the emotional
and physical needs of the child now and in the future, (3) the emotional and
physical danger to the child now and in the future, (4) the parental abilities
of the individuals seeking custody, (5) the programs available to assist these
individuals to promote the best interest of the child, (6) the plans for the
child by these individuals or by the agency seeking custody, (7) the stability
of the home or proposed placement, (8) the acts or omissions of the parent
which may indicate that the existing parent‑child relationship is not a
proper one, and (9) any excuse for the acts or omissions of the parent.  Holley, 544 S.W.2d at 371-72.  The record shows that Rinehart has been the
primary caretaker for J.L.R., that J.L.R receives counseling services while
under Rinehart=s care,
and that Rinehart would like to adopt J.L.R. 
The record further shows that J.L.R. has had limited contact with
Barron, that Barron has been convicted of indecency with a child, and that
Barron is currently incarcerated.  We
find the evidence is legally and factually sufficient to support the trial
court=s finding
that termination is in the best interest of J.L.R.  

We note that, at the conclusion of the hearing on
termination, the trial court stated its finding that Barron Adid engage in conduct or knowingly
place[d] the child with persons who engaged in conduct that endangered the
physical or emotional well-being of the child.@   The trial court further stated there was no
evidence to support a finding that Barron Aknowingly
placed or knowingly allowed the child to remain in conditions or surroundings
that endanger[ed] the physical or emotional well-being of the child.@ 
The written order on termination states that the trial court found by
clear and convincing evidence that Barron Aknowingly
placed or knowingly allowed the child to remain in conditions or surroundings
that endanger[ed] the physical or emotional well-being of the child.@ 
The trial court=s
oral finding that Barron engaged in conduct or knowingly placed the child with
persons who engaged in conduct that endangered the physical or emotional
well-being of the child is not included in the trial court=s written order.  

Only one statutory ground is required to support a
judgment of termination when there is also a finding that termination is in the
best interest of the child.  In re
A.V., 113 S.W.3d at 362.   We have
found that the evidence is legally and factually sufficient to support the
trial court=s order
of termination under Section 161.001(1)(H) and Section 161.001(1)(Q) and that
the evidence is legally and factually sufficient to support the trial court=s finding that termination is in the
best interest of the child.  Therefore,
consideration of the inconsistency between the trial court=s oral finding and the written order is
not necessary to the disposition of this appeal. Accordingly, we need not
address Barron=s issue
number two relating to that finding.  Tex. R. App. P. 47.1.  Barron=s
first, third, and fourth issues on appeal are overruled.

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 23, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]Tex. Fam. Code Ann. ' 161.001(1)(H) (Vernon Supp. 2005).





     [2]Tex. Fam. Code Ann. ' 161.001(1)(Q) (Vernon Supp. 2005).





     [3]Tex. Fam. Code Ann. ' 161.001(2) (Vernon Supp. 2005).